ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STATE OF NEW YORK, ex rel. WEST
MIDWAY, LLC,

               **Plaintiffs,**

    v.

PARADIGM CAPITAL MANAGEMENT,
INC., C.L. KING & ASSOCIATES, INC.,
CANDACE KING WEIR, AMELIA FARLEY
WEIR, and ROBERT A. BENTON,

               **Defendants.**

No. 22-cv-9243-LLS

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court enters the following stipulated protective order:

### 1. Discovery Materials

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, objects, things, deposition testimony, responses to interrogatories or requests for admission, and any copies, excerpts, or summaries thereof, obtained by any party in this action pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories, notices of depositions, or subpoenas, or provided by any party pursuant to an informal request for information ("Discovery Materials"). Such Discovery Materials shall also include documents and deposition testimony obtained by Relator from New York State's Office of Attorney General in connection with this action, and any information derived therefrom. This Order is limited to the litigation or appeal of this action (the "Litigation").

## 2.     Use of Discovery Materials

With the exception of Discovery Materials or information contained therein that have become publicly available without a breach of the terms of this Order or any other legal obligation to safeguard and maintain confidentiality, all Discovery Materials that have been designated as "Confidential" or "Highly Confidential" as defined herein shall be used by the recipient solely for the prosecution or defense of this Litigation, to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including, without limitation, any other litigation, administrative, or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

## 3.     "Confidential" and "Highly Confidential" Discovery Materials Defined

a.     For purposes of this Order, "Confidential" Discovery Materials shall mean any non-public information that the producing party reasonably and in good faith believes is properly protected under Federal Rule of Civil Procedure 26(c)(1).

b.     For purposes of this Order, "Highly Confidential" Discovery Materials shall mean private information, including personal financial information and any federal or state tax returns and related materials, where the producing party reasonably and in good faith believes that disclosure of such information would substantially injure the privacy or pecuniary rights of affected individuals.

## 4.     Designation of Documents as "Confidential" or "Highly Confidential"

a.     For purposes of this Order, the term "document" means any and all items defined by Federal Rule of Civil Procedure 34(a), whether produced or created by a party or another person, whether produced pursuant to subpoena or discovery request, by agreement, or otherwise.

b.     Any document that the producing person intends to designate as "Confidential"

2

or "Highly Confidential" shall be stamped or otherwise conspicuously marked with either of the

following notations, whichever is appropriate:

**CONFIDENTIAL:  Subject to Protective Order,**
**No. 22-cv-9243-LLS (S.D.N.Y.)**

or

**HIGHLY CONFIDENTIAL:  Subject to Protective Order,**
**No. 22-cv-9243-LLS (S.D.N.Y.)**

Such stamping or marking will take place prior to production by the producing person, or

subsequent to selection by the receiving party for copying.  The stamp or mark shall be affixed in such

a manner as not to obliterate or obscure any written material.  Nothing in this Order precludes a

person designating a document as "Confidential" or "Highly Confidential" from removing that

designation at the time the document is offered as an exhibit at trial.

### 5.      Non-Disclosure of "Confidential" and "Highly Confidential" Discovery Materials

Except with the prior written consent of the producing person or as otherwise provided by this

Order, no "Confidential" or "Highly Confidential" Discovery Materials, or any portion thereof, may

be disclosed to any person except as set forth in Paragraphs 6 and 7 below.

### 6.      Permissible Disclosures of "Confidential" Discovery Materials

a.      "Confidential" Discovery Materials may be disclosed to and used only by:

i.      counsel of record in this Litigation (including such counsel's
partners, associates, secretaries, legal assistants, and employees to the extent
reasonably necessary to provide assistance to such counsel in connection with this
Litigation);

ii.      in-house counsel of a party (and their legal assistants and secretaries
to the extent reasonably necessary to provide assistance to such counsel in
connection with this Litigation);

iii.      attorneys in New York State's Office of Attorney General (and their
secretaries, legal assistants, and employees to the extent reasonably necessary to
provide assistance to those attorneys in connection with this Litigation).

iv.      court officials involved in this Litigation (including court reporters,
videographers at depositions, and any special master appointed by the Court);

      v.      any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

      vi.      "Additional Outside Counsel" retained by counsel of record who are assisting in connection with this Litigation, and the paralegal, clerical, secretarial, and other staff employed or retained by such Additional Outside Counsel; *provided*, however, that any such Additional Outside Counsel shall be identified to the opposing party or parties at least five (5) business days before the Additional Outside Counsel receive access to any "Confidential" Discovery Materials;

      vii.      a potential or actual witness who is an author, or bona fide recipient of the document, or is reasonably expected to possess knowledge of the document;

      viii.      outside consultants or experts (including their clerical, secretarial, or other staff) retained for the purpose of assisting counsel in this Litigation;

      ix.      employees of third-party contractors (A) involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, or (B) providing jury consulting services, preparation of graphics, video exhibits, or excerpts of video depositions for use at trial, or technical support at trial;

      x.      any individual party, any member of a party LLC, and the spouse of any such member, but only to the extent reasonably necessary for purposes of this Litigation;

      xi.      any person who is an author, addressee, or copyee of Confidential Discovery Materials, *provided*, however, that the person provided access to Confidential Discovery Materials under this subparagraph is expressly limited to those Confidential Discovery Materials of which the person is an author, addressee, or copyee, and only to the extent reasonably necessary for purposes of this Litigation; and any present or former employee of a party engaged in assisting that party's attorneys in the conduct of this Litigation;

      xii.      any other person, if consented to in writing by the producing party.

      b.      Any person to whom disclosure is to be made under subparagraphs (vi) through (xii) above, shall sign, prior to such disclosure, a copy of the Endorsement of Protective Order (see Exhibit A).  Counsel providing access to Confidential Discovery Materials shall retain copies of the executed Endorsement(s) of Protective Order.  Any party seeking a copy of an Endorsement may make a demand setting forth the reasons therefor, to which the opposing party will respond in writing.  If a dispute arises and cannot be resolved, the demanding party

may move the Court for an order compelling production upon a showing of good cause. For testifying experts, a copy of the Endorsement of Protective Order executed by the testifying expert shall be furnished to counsel for the person who produced the "Confidential" or "Highly Confidential" Discovery Materials to which the expert has access, at the time the expert's designation is served, or at the time such Discovery Materials are provided to the testifying expert, whichever is later.

7.      **Permissible Disclosures of "Highly Confidential" Discovery Materials**

a.      "Highly Confidential" Discovery Materials may be disclosed to and used only by the persons described in Paragraph 6(a)(i)-(ix) & (xi)-(xii) above, except upon further Order of the Court or upon written consent of the producing person.

b.      Any person described in Paragraph 6(a)(v)-(ix) & (xi)-(xii) above to whom disclosure of "Highly Confidential" Discovery Materials is to be made shall sign, prior to such disclosure, a copy of the Endorsement of Protective Order (see Exhibit A). The other provisions of Paragraph 6 regarding "Confidential" Discovery Materials shall apply equally to "Highly Confidential" Discovery Materials.

8.      **Production of "Confidential" or "Highly Confidential" Discovery Materials by Non-Parties**

Any non-party who is producing Discovery Materials in this Litigation may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential" or "Highly Confidential" the Discovery Materials that the non-party is producing, as set forth in Paragraph 4.

9.      **Inadvertent Disclosures or Failure to Designate**

a.      The inadvertent production of any Discovery Materials that otherwise would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such Discovery Materials are inadvertently produced, upon request by the

producing person the recipient of the Discovery Materials shall promptly return the Discovery Materials and all copies in the recipient's possession, delete any electronic versions of the Discovery Materials, and make no use of the information contained in the Discovery Materials; *provided*, however, that the recipient shall have the right to apply to the Court for an order that such Discovery Materials are not protected from disclosure by any privilege or doctrine and may retain one copy of such Discovery Materials for the sole purpose of litigating such an application pursuant to the procedures set forth in Paragraph 10. The recipient may not, however, assert as a ground for such motion the fact or circumstances of the inadvertent production. If the Court rules that the Discovery Materials are protected by any privilege or doctrine, the recipient shall return the retained copy to the producing person.

      b.      In the event that a producing person inadvertently fails to designate Discovery Materials as "Confidential" or "Highly Confidential," that person may subsequently make such a designation by notifying all recipients in writing within thirty (30) days of the producing person's discovery of the inadvertent failure to designate. After such timely notification has been made, the recipients shall treat the designated Discovery Materials as "Confidential" or "Highly Confidential," subject to their right to dispute such designation in accordance with Paragraph 10.

      **10.**      **Declassification**

      a.      Nothing shall prevent disclosure beyond the limitations of this Order if the producing person consents in writing to such disclosure.

      b.      If at any time a person wishes for any reason to dispute a designation of Discovery Materials as "Confidential" or "Highly Confidential," that person shall notify the designating person of such dispute in writing, specifying by Bates number(s) the Discovery Materials in dispute. The designating party shall respond in writing within ten (10) business days of receiving this notification. Notification of any such dispute does not in any way suspend the operation of this Order.

c.      Absent a negotiated resolution of the dispute, the proponent of confidentiality may apply by motion to the Court for a ruling that the Discovery Materials designated as "Confidential" or "Highly Confidential" are entitled to such protection under Rule 26 of the Federal Rules of Civil Procedure and this Order, provided that such motion is made within thirty (30) days from the date the designation has been challenged.  The designating party shall have the burden of proof on such motion to establish the propriety of the designation.

d.      If the time for filing a motion under Paragraph 10(c) has expired without the filing of such a motion, or ten (10) business days have elapsed after the expiration of the period for appealing a ruling that the Discovery Materials are not entitled to protection, the Discovery Materials in issue shall lose their "Confidential" or "Highly Confidential" designation.

## 11.      "Confidential" and "Highly Confidential" Discovery Materials in Depositions

a.      Counsel for any party may show "Confidential" or "Highly Confidential" Discovery Materials to a deponent during deposition and examine the deponent about the materials to the extent permitted by Paragraph 6 or 7 above, or where the deponent is reasonably expected to possess knowledge of the Discovery Material proposed to be shown to the deponent.  Such materials shown to any witness during a deposition shall not lose their designated status through such use, and counsel shall exercise their best efforts and take all steps reasonably necessary to protect the Discovery Materials' designated status during and after such use.

b.      The party noticing a deposition shall obtain the deponent's Endorsement of Protective Order (see Exhibit A) in advance of the deposition, except that where the deponent is an employee, agent, or expert witness of a represented party in this Litigation, it shall be that party's responsibility to obtain the deponent's Endorsement.  The party responsible for obtaining a deponent's Endorsement shall notify the designating person at least three (3) business days

prior to the deposition if the party has been unable to obtain the deponent's Endorsement. The designating person may then move the Court for an Order directing that the witness abide by the terms of this Protective Order, and no "Confidential" or "Highly Confidential" Discovery Materials shall be shown to the deponent until the Court has ruled. A deponent shall not retain or copy portions of the deposition transcript or related exhibits that contain "Confidential" or "Highly Confidential" Discovery Materials (or information contained therein) not provided by the deponent or an entity the deponent represents unless the deponent signs the Endorsement of Protective Order. While a deponent is being examined about any "Confidential" or "Highly Confidential" Discovery Materials or the information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.

c.      Parties (and deponents) may, within thirty (30) days after receiving the final transcript of a deposition, designate pages of the transcript as "Confidential" or "Highly Confidential." Until expiration of such thirty (30) day period, the entire transcript, including exhibits, shall be treated as protected under this Order. Subject to the procedures outlined in Paragraph 9(b), if no party or deponent timely designates a transcript as "Confidential" or "Highly Confidential," then none of the transcript or its exhibits shall be so treated.

## 12.      "Confidential" and "Highly Confidential" Discovery Materials Offered as Evidence at Trial

"Confidential" and "Highly Confidential" Discovery Materials and the information contained therein may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice to counsel for the designating party or other person in accordance with the Federal Rules of Evidence and any local rules, standing orders, or rulings in this Litigation governing identification and use of exhibits at trial. Any designating party or other person may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as "Confidential" or "Highly Confidential,"

8

and, if so, what protection, if any, may be afforded at trial to such Discovery Materials or information contained therein.

> **13.**   **Filing "Confidential" and "Highly Confidential" Discovery Materials With The Court**

a.      "Confidential" and "Highly Confidential" Discovery Materials shall not be filed with the Court except when necessary in connection with matters pending before the Court. If a party determines that it is necessary to file "Confidential" or "Highly Confidential" Discovery Materials, the party shall comply with the procedures required by Section 3 of the Court's Individual Practices (https://nysd.uscourts.gov/sites/default/files/practice_documents/LLS%20Stanton%20Individual%20Practices%20%282021-06-03%29.pdf) or any successor provision. In the event that a challenge is made to the sealing of the documents by any other person or by the Court, it shall be the burden of the person who has made the "Confidential" or "Highly Confidential" designation (not the party who filed the documents under seal, if different from the designating person) to defend that designation. Nothing herein shall supersede or interfere with the parties' right to designate or declassify documents under other provisions of this Order.

b.      The "Confidential" or "Highly Confidential" Discovery Materials filed pursuant to this Paragraph 13 shall be kept under seal until further Order of the Court; however, such "Confidential" or "Highly Confidential" Discovery Materials and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the "Confidential" or "Highly Confidential" information contained therein under the terms of this Order. It is understood that description in this Protective Order of a document as Confidential or Highly Confidential does not affect the need for its disclosure if used to obtain a judicial determination

> **14.**   **Client Consultation**

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Litigation and, in the course thereof, relying on examination of "Confidential" or "Highly Confidential" Discovery Materials; *provided*, however, that in rendering such advice

and otherwise communicating with their client, counsel shall not make specific disclosure of any Discovery Materials unless permitted under this Order.

### 15. Discovery Request, Subpoena, or Order in Other Proceedings

a. If "Confidential" or "Highly Confidential" Discovery Materials covered by this Order are sought in any other litigation or administrative proceeding, by discovery request, subpoena, or order (collectively, "Other Process"), the person to whom the Other Process is directed shall promptly notify the designating person in writing via email or overnight delivery of all of the following: (i) the Discovery Materials sought, identified by Bates number(s); (ii) the date for compliance; (iii) the location for compliance; (iv) the identity of the issuer of the Other Process; and (v) the case name, jurisdiction, and index, docket, complaint, charge, civil action, or other identification number or other designation identifying the proceeding in which the Other Process has been issued. In no event shall "Confidential" or "Highly Confidential" Discovery Materials be produced prior to the expiration of five (5) business days following confirmation of receipt of such written notice by the designating person. The person to whom the Other Process is directed shall cooperate with the designating person in any proceeding related thereto.

b. With respect to any such Other Process, the designating person shall bear the burden and expense of seeking protection in the applicable court or agency. No person bound by this Order shall object to the designating person having a reasonable opportunity to appear in any litigation or proceeding for the sole purpose of maintaining protection for "Confidential" or "Highly Confidential" Discovery Materials.

### 16. Non-termination

The provisions of this Order shall not terminate at the conclusion of this Litigation. Within ninety (90) days after final conclusion of all aspects of this Litigation, counsel shall, at their option, return or destroy all copies of "Confidential" and "Highly Confidential" Discovery Materials. If counsel elects to destroy "Confidential" or "Highly Confidential" Discovery

10

Materials, they shall consult with counsel for the producing person on the manner of destruction and obtain that person's consent to the method and means of destruction.   Counsel shall certify compliance herewith in writing and shall deliver such certification to counsel for the person who produced the "Confidential" or "Highly Confidential" Discovery Materials not more than one hundred twenty (120) days after final conclusion of all aspects of this Litigation.  Counsel, however, shall not be required to return or destroy any pretrial or trial records as are regularly maintained by that counsel in the ordinary course of business, including:  (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits, and other papers filed in this action; (ii) one set of transcripts of all testimony taken at any depositions, hearings, or trial (with exhibits); and (iii) any attorney work product related to this Litigation.  Any such materials that are not returned or destroyed shall remain subject to this Order, and the Court shall retain jurisdiction to ensure compliance with this Order.

### 17.    Modification Permitted

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

### 18.    Responsibility of Counsel; Copies

Counsel of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of "Confidential" and "Highly Confidential" Discovery Materials, including abstracts and summaries thereof.  No duplications of "Confidential" or "Highly Confidential" Discovery Materials shall be made except for providing working copies and for filing in Court under seal; *provided*, however, that copies may be made only by those persons specified in subparagraphs (i), (ii), (iv), (vi), (viii), and (ix) of Paragraph 6(a) above with respect to "Confidential" Discovery Materials, and by the subset of those persons specified in Paragraph 7 above with respect to "Highly Confidential" Discovery Materials.  Any copy provided to a person listed in Paragraph 6 or 7 (other than court officials

11

involved in this Litigation) shall be returned to counsel who provided that copy upon completion

of the purpose for which such copy was provided. In the event of a change in counsel, retiring

counsel shall fully instruct new counsel of their responsibilities under this Order, and new

counsel shall sign the accompanying Endorsement of Protective Order.

**19.     No Waiver of Rights or Implication of Discoverability**

a.      No disclosure pursuant to any provision of this Order shall waive any

person's other rights or privileges granted by this Order.

b.      This Order shall not enlarge or affect the proper scope of discovery in this or any

other litigation; nor shall this Order imply that "Confidential" or "Highly Confidential"

Discovery Materials are properly discoverable, relevant, or admissible in this or any other

litigation. Each person reserves the right to object to any disclosure of information or

production of any documents that the producing person designates as "Confidential" or "Highly

Confidential" Discovery Materials on any other ground the objecting person may deem

appropriate.

c.      The entry of this Order shall be without prejudice to the rights of the parties, or

any one of them, or of any non-party, to assert or apply for additional or different protection.

Nothing in this Order shall prevent any person from seeking an appropriate order for the further

protection of "Confidential" or "Highly Confidential" Discovery Materials for use at trial.

d.      Nothing in this Order shall impose any restrictions on the use or disclosure by any

person of documents, materials, or information obtained or developed by that person

independently of the discovery process in this Litigation, without regard to whether such

documents, materials, or information are also obtained through the discovery process in this

Litigation.

**20.     Improper Disclosure of "Confidential" or "Highly Confidential" Discovery
          Materials**

Disclosure of "Confidential" or "Highly Confidential" Discovery Materials other than in

12

accordance with the terms of this Protective Order may subject the disclosing person to such

sanctions and remedies as the Court may deem appropriate.

It is so **ORDERED.**

BY THE COURT:

_Louis L. Stanton_
Louis L. Stanton, J.

12/13/22

**[EXHIBIT A]**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**STATE OF NEW YORK, ex rel. WEST MIDWAY, LLC,**

                **Plaintiffs,**

     v.

**PARADIGM CAPITAL MANAGEMENT, INC., C.L. KING & ASSOCIATES, INC., CANDACE KING WEIR, AMELIA FARLEY WEIR, and ROBERT A. BENTON,**

                **Defendants.**

**No. 22-cv-9243-LLS**

---

## ENDORSEMENT OF PROTECTIVE ORDER

I hereby attest to my understanding that information or documents designated "Confidential" or "Highly Confidential" are provided to me subject to the Protective Order dated _____ (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my receipt or review of any information or documents designated as "Confidential" or "Highly Confidential" Discovery Materials pursuant to the Order.

I further agree that I shall not disclose or distribute to others, except in accordance with the Order, any "Confidential" or "Highly Confidential" Discovery Materials, in any form whatsoever, and that such "Confidential" or "Highly Confidential" Discovery Materials and the information contained therein may be used only for the purposes authorized by the Order.

I further agree to return all copies of any "Confidential" and "Highly Confidential"

Discovery Materials I have received to counsel who provided them to me upon completion of the purpose for which they were provided, and to do so no later than within thirty (30) days of the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to protect such Discovery Materials in accordance with the Order will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of any proceedings relating to enforcement of the Order.

I further agree and attest to my understanding that I am not permitted to change, amend, or edit in any way the terms of this Endorsement without the written approval of counsel for all parties to the above-captioned matter, and that any such changes, amendments or edits made without the approval of counsel for all parties shall have no effect.

I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.


Date: _____


By: _____
          [Signature]


_____
          [Print name]


15